UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)

| | | |
|---|---|---|
| SUSAN MAJORS, etc., | * | CIVIL ACTION NO. C-1-02-64 |
| | | DISTRICT JUDGE SUSAN J. DLOTT |
| Plaintiff, | * | |
| vs. | * | |
| | | MEMORANDUM IN OPPOSITION |
| STATE FARM FIRE & CASUALTY | * | TO PLAINTIFF'S MOTION TO |
| COMPANY, | | AMEND COURT'S JUDGMENT |
| | * | |
| Defendant. | | |
| | * | |

_____

On August 29, 2003, this Court granted State Farm's motion for summary judgment, denied Plaintiff's motion for summary judgment, and entered judgment for State Farm. On September 4, 2003, Plaintiff filed a Federal Rule of Civil Procedure 59 motion, claiming that this Court's summary judgment decision was erroneous.[1] For the reasons stated below, and in the memoranda filed in support of State Farm's motion for summary judgment and in opposition to Plaintiff's motion for summary judgment, which are incorporated herein by reference, State Farm respectfully requests this Court to uphold its well-reasoned and legally correct decision granting State Farm's motion for summary judgment and denying Plaintiff's motion for summary judgment.

---

[1] The Rule 59 motion was served September 8, 2004.

**FREUND, FREEZE & ARNOLD**
A Legal Professional Association

This Court's summary judgment decision specifically held that Plaintiff was not covered under Coverage A (Dwelling Coverage), Coverage B (Personal Property Coverage) and Coverage M (Medical Coverage). Additionally, this Court held that State Farm did not act in bad faith.

Plaintiff requests the Court to change its judgment without Plaintiff adding anything new to her previous arguments. Plaintiff instead argues that the Court's analysis was wrong because the Court relied on the opinions of Plaintiff's own architect expert for the science of condensation and mold formation, rather than rely on Plaintiff's former insurance claim representative for this science. The architect is the competent witness on the science of condensation and mold formation, and the former claim representative is not. The Plaintiff's architect expert and State Farm's engineering expert both were at the home, both have the training and experience in the area of building materials and dynamics, and both agreed on the cause and repetitive nature of the condensation and mold at Plaintiff's home. Plaintiff's former claim representative expert had neither the training and experience to comment on the cause and repetitive nature of the condensation and mold at Plaintiff's home, nor was he ever at the home.

For the convenience of the Court, State Farm will address each coverage section separately, as the Court did in its summary judgment decision.

**A.    COVERAGE A (DWELLING COVERAGE) -- PLAINTIFF IS NOT ENTITLED TO DWELLING COVERAGE, BECAUSE MOLD IS AN EXCLUDED LOSS, THE CONDENSATION DOES NOT QUALIFY AS AN ACCIDENTAL DIRECT PHYSICAL LOSS, AND THE CONDENSATION IS AN EXCLUDED PERIL**

This Court's summary judgment decision correctly held that Plaintiff is not entitled to dwelling coverage for her claim that she lost $40,000 on the sale of her house due to mold

2

contamination. There is no dispute that the insurance policy excludes losses to the dwelling caused by mold. This Court held that the "reduction in the value of her home as a result of mold contamination clearly falls within this exclusion." (See ORDER at P. 7).

Because mold is clearly excluded, Plaintiff's Rule 59(e) motion argues that condensation is a covered event under Coverage A, and because mold was caused by condensation, the resulting mold is a covered loss. (See Plaintiff's Rule 59(e) Motion at P. 4). Plaintiff's argument is based on the faulty premise that the condensation is a covered event. The insurance contract only covers "accidental direct physical loss" to the dwelling. Losses caused by inherent defects or tendencies of the property, even if unintended, do not qualify as accidental direct physical losses. *Harmon v. Safeco Insurance Co. of America* (1998), 24 Kan. App.2d 810, 814-815, 954 P.2d 7, attached as Tab C to State Farm's motion for summary judgment appendix. It is undisputed that the condensation was caused by the inherent characteristics of the house, therefore does not qualify as an accidental direct physical loss, and is not a covered loss.

Plaintiff's expert architect, Steven Bostwick, and State Farm's expert engineer, Leonard Rudick, agree on the cause of the internal condensation, specifically that routine living[2] in the house created humidity; the humidity could not escape due to high efficiency replacement windows; the walls lacked adequate insulation, and became cool when cold weather occurred in the winter; the humidity then condensed on the cool wall surface; and mold resulted from the condensation. (SB

---

[2] Experts Bostwick and Rudick defined routine living activities that generate significant moisture as including perspiration and respiration of inhabitants, the use of bathrooms, and the use of moisture generating appliances such as a dishwasher, stove, and washing machine. See Bostwick Report p. 5 and Rudick Report p. 9.

3

pp. 17-19, and Report referred to therein, Def. Ex. I-1, p. 5-8, Tab 15 of State Farm's motion for summary judgment; Leonard Rudick Aff. at ¶ 4d and Report pp. 6,7,9, filed May 15, 2003). Even Plaintiff's former insurance claim representative expert, Douglas Koliboski, on whom Plaintiff now relies in asking the Court to change its judgment, agrees there is no insurance coverage for losses caused by humidity, lack of insulation, and tight construction, which is caused in this case by high efficiency windows. (Douglas Koliboski deposition, pp. 158-159).

Plaintiff's argument that the condensation was a "one shot deal" is argument unsupported by competent testimony.[3] As testified to by plaintiff's own expert, Steven J. Bostwick, it is the bulk condensation occurring at the wall over a period of time that results in the mold; if the moisture in the structure dries out, you do not get mold growth. (Bostwick deposition at pp. 59-60.) While the actual process of condensation may occur only at a certain point in time, it must repeatedly occur to create mold, so as to prevent drying. Plaintiff claims her continued use of her properly functioning humidifier allowed the continuous discharge of water out of the humidifier, followed by seepage of water vapor out of the air and onto her wall, over a period of time. The insurance contract expressly excludes losses to the dwelling caused by "continuous or repeated seepage or leakage of water or

---

[3] Plaintiff understands the need for a "one shot deal" and has changed her position on the cause of the mold before, seeking to find such a singular event. She initially rejected the conclusion of State Farm that the mold in her home resulted from condensation, and insisted that the mold was from a cracked or broken pipe. She took this position even though her expert, Steven J. Bostwick, told her the same thing as State Farm - the cause of the mold was condensation. Mr. Bostwick even told plaintiff she would not find a cracked or broken pipe. The investigation demanded by plaintiff revealed there was no cracked or broken pipe. After this lawsuit was filed, and Steven J. Bostwick's opinions were revealed in discovery, the plaintiff changed her earlier position, and instead of claiming a cracked or broken pipe, claimed that mold from condensation was a covered water loss.

4

steam from a: (1) heating, air conditioning....system;..." Plaintiff continues to claim that the condensation constitutes a discharge from the heating system. (See Plaintiff's Rule 59(e) Motion at P. 5). Any continuing condensation sufficient to cause mold growth must be attributed to this continuous seepage, and the alleged loss from mold is not covered because of the continuous seepage exclusion.[4]

Plaintiff's Rule 59(e) motion claims that the deposition testimony of claims adjuster Devin Prinz, concerning the insurance contract, somehow creates dwelling coverage. (See Plaintiff's Rule 59(e) Motion at pp. 2, 4). This Court correctly stated that:

> interpretation of unambiguous contract terms is a judicial function, and, consequently, "the opinions of percipient or expert witnesses regarding the meaning(s) of contractual provisions are irrelevant and hence inadmissible." Sheet Metal Workers, Int'l Ass'n, Local Union No.24 v. Architectural Metal Works, Inc., 259 F.3d 418, 424 n.4 (6th Cir. 2001).

(See ORDER at P. 8). Plaintiff's Rule 59(e) motion fails to provide any reason why this Court should abandon its judicial role of interpreting unambiguous contracts. Further, the testimony of Devin Prinz is simply that if mold arises from a covered event, he believes coverage for the covered

---

[4] This Court's decision is consistent with the decision in *Myers v. State Farm Fire and Casualty Company* (January 16, 2002), 2002 Minn. App.LEXIS 854, attached at Tab A to State Farm's motion for summary judgment appendix. The *Myers* court stated the following:

> [plaintiffs] cannot explain how the loss of value is separate from "any loss to the property" caused by "continuous or repeated seepage or leakage of water," "mold, fungus," or "contamination" or from "any loss" caused by defective or inadequate design, workmanship, construction, grading, and compaction.

5

event can include remediation of the mold. (Devin Prinz deposition, p. 49, lines 5-11.) Plaintiff does not introduce new evidence or argument that the condensation was a covered event.

This Court should uphold its summary judgment decision holding there is no dwelling coverage, because Plaintiff's alleged loss clearly falls into the contract exclusion for mold. Even if the contract exclusion for mold did not apply, this Court's summary judgment decision is still correct, because the condensation is not an accidental direct physical loss and the condensation process is otherwise excluded under the contract. Plaintiff's Rule 59(e) motion fails to show any error in this Court's summary judgment. Therefore, this Court should overrule Plaintiff's Rule 59(e) motion.

**B.    COVERAGE B (PERSONAL PROPERTY COVERAGE) -- PLAINTIFF IS NOT ENTITLED TO PERSONAL PROPERTY COVERAGE, BECAUSE THE UNDISPUTED FACTS PROVIDE THAT THE CONDENSATION WAS NOT A SPECIFIED PERIL UNDER COVERAGE B AND THE CONDENSATION OCCURRED REPEATEDLY AND CONTINUOUSLY, SO IT WAS NOT A SUDDEN EVENT**

This Court correctly held that Plaintiff is not entitled to coverage under Coverage B (Personal Property Coverage), "because the condensation that resulted in the mold is not a specified peril under Coverage B." (See ORDER at P. 8, 11). This Court rejected Plaintiff's argument that the condensation constitutes a sudden and accidental discharge or overflow of water or steam from within a heating system. (See ORDER at P. 8-11). Specifically, this Court held that the condensation that caused the mold did not constitute a sudden event. (See ORDER at P. 8, 11). After careful contract interpretation, this Court defined "sudden" as "instantaneously, unexpectedly, and without previous notice." (See ORDER at P. 9).

6

This Court then considered the undisputed testimony of Plaintiff's expert, Steven J. Bostwick, that the mold resulted from the continuous and repeated nature of the condensation on Plaintiff's walls. (See ORDER at P. 10). Ultimately, this Court correctly held that the condensation could not be a sudden event, because the condensation had to occur continuously and repeatedly for mold to develop. (See ORDER at P. 10).

Plaintiff's Rule 59(e) motion attacks this Court's definition of "sudden." (See Plaintiff's Rule 59(e) Motion at P. 4-5). Plaintiff's motion argues that this Court should follow the interpretation of the word "sudden" as provided in *Hybud Equip. Corp v. Sphere Drake Ins. Co., Ltd.* (1992) 64 Ohio St.3d 657, 597 N.E.2d 1096. The specific definition of "sudden" in *Hybud* is "happening quickly, abruptly, or without prior notice." This Court's definition of "sudden" (instantaneously, unexpectedly, and without previous notice) is essentially the same as the *Hybud* definition. Thus, this Court did not error on its definition of "sudden."

As stated above, this Court considered the deposition testimony of Plaintiff's expert and found that the condensation was not sudden, because it had to occur continuously and repeatedly for the mold to occur. Plaintiff's Rule 59(e) motion argues that Plaintiff's expert architect, Steven J. Bostwick, is not qualified to define whether or not an event meets the insurance definition of sudden. (See Plaintiff's Rule 59(e) Motion at P. 3).[5] It is important to point out that Steven J. Bostwick never

---

[5] Plaintiff's Rule 59(e) motion incorrectly states that Steven J. Bostwick does not have expertise in the nature of condensation. This assertion is incorrect and misleading. Mr. Bostwick is an architect who specializes in forensic architectural investigation involving the diagnosis, documentation, and remediation of moisture intrusions such as condensation. (See Report of Steven J. Bostwick at c.v. P. 1-3, attached to State Farm's Motion for Summary Judgment as Exhibit 15.)

opined on whether the condensation was "sudden" as defined in the insurance contract. Steven J. Bostwick testified during his deposition that the mold developed because of continuous and repeated condensation. (Deposition of Steven J. Bostwick at pp. 60 lines 1-9.) This Court, not Steven J. Bostwick, determined what "sudden" means in the insurance contract, and held that the undisputed facts show that the condensation was not a "sudden" event.

Plaintiff also argues that the condensation was "sudden" because her coverage expert, Doug Koliboski, reviewed a claims file, and then signed an affidavit stating there is no evidence of recurring condensation. (See Plaintiff's Rule 59(e) Motion at P. 3). This Court correctly stated the following about Doug Koliboski's statement:

> This is nothing more than a conclusory statement of fact that does not comport with Rule 56(e), which requires that "opposing affidavits...be made on personal knowledge."....Moreover, Mr. Koliboski's assertion contradicts the record, as Mr. Bostwick, an expert who actually examined Plaintiff's home, testified that the mold could not have grown absent repeated condensation.

(See ORDER at P. 10, footnote 2). Doug Koliboski did not review the entire court record, as opposed to the "record that appears in the claims file," and therefore could not have learned that the record's only competent evidence is of continuous and repeated condensation. Therefore, the condensation was not a "sudden" event.

At page 3 of her Rule 59(e) motion, Plaintiff's alleges she testified that "condensation (and mold) appeared only once, and very rapidly at that, in a brief period in early January." The motion does not cite to a page or line of testimony in the record for this testimony. In her deposition, Plaintiff never testified that condensation appeared "only once, and very rapidly." Plaintiff's only

8

reference to condensation in her deposition is on pages 49 and 254 of Plaintiff's deposition transcript, and at those locations she makes no reference to how rapidly either condensation or mold appeared, or how often.

Even if Plaintiff somewhere in the record testified that condensation appeared only once, and very rapidly, she is not competent to express such an opinion, or to express an opinion on the mechanics or frequency of mold formation. First, Plaintiff admits in her motion that the condensation happened without any notice to Plaintiff. (See Plaintiff's Rule 59(e) Motion at p. 5). Thus, it is impossible for Plaintiff to have knowledge of whether the condensation occurred repeatedly and continuously before the mold developed, because Plaintiff did not even know that the condensation was occurring. Additionally, it should not be forgotten that Plaintiff initially thought the mold was from a burst pipe, not condensation, demonstrating her lack of knowledge on the frequency of condensation, or its contribution to causing mold.

Plaintiff incorrectly argues that the condensation was sudden if it occurred without any notice to her. (See Plaintiff's Rule 59(e) Motion at P. 4-5). This argument was rejected in the *Hybud* case cited in Plaintiff's motion. The *Hybud* court adopted the idea that it is not possible to define sudden without reference to a temporal element that joins together conceptually the immediate and the unexpected. *Hybud Equip. Corp.* (1992) 64 Ohio St.3d at 664-666. Things that occur without knowledge are not "sudden" unless they also occur instantaneously, quickly or abruptly, as found by this Court and by the Ohio Supreme Court in *Hybud*. If a snail slowly passes behind Plaintiff without Plaintiff noticing, that does make the act of the snail passing behind Plaintiff a sudden event.

9

**FREUND, FREEZE & ARNOLD**
**A Legal Professional Association**

As stated by Plaintiff's expert, Steven J. Bostwick, the condensation occurred continuously and repeatedly. While the condensation may have occurred without notice to Plaintiff, it occurred continuously and repeatedly, as opposed to abruptly or immediately.

This Court should uphold its summary judgment decision that there is no personal property coverage, because condensation is not a specified peril under Coverage B, and the condensation was not a sudden event. As discussed above, Plaintiff's Rule 59(e) motion fails to prove that this Court's summary judgment decision was erroneous. Therefore, this Court should overrule Plaintiff's Rule 59(e) motion.

C. **COVERAGE M (MEDICAL COVERAGE) -- PLAINTIFF'S RULE 59(E) MOTION DOES NOT DISPUTE THIS COURT'S DECISION THAT PLAINTIFF IS NOT ENTITLED TO MEDICAL COVERAGE UNDER THE STATE FARM HOMEOWNERS INSURANCE POLICY**

This Court concisely disposed of Plaintiff's claims for medical coverage by applying the clear contract terms to the undisputed facts. Plaintiff's Rule 59(e) motion does not dispute or even mention this Court's decision on Coverage M (Medical Coverage). Therefore, with respect to Coverage M (Medical Coverage), this Court's summary judgment decision should stand and Plaintiff's Rule 59(e) motion should be overruled.

D. **BAD FAITH -- STATE FARM DID NOT DENY PLAINTIFF'S CLAIMS IN BAD FAITH, BECAUSE STATE FARM DENIED PLAINTIFF'S CLAIMS BASED ON CIRCUMSTANCES THAT FURNISHED A REASONABLE JUSTIFICATION FOR THE DENIAL**

This Court's summary judgment decision correctly held that State Farm did not deny Plaintiff's claims in bad faith. (See ORDER at P. 11). The Court's summary judgment confirms

10

the reasonableness of State Farm's decisions on Plaintiff's claims. Plaintiff's Rule 59(e) motion does not dispute or even mention this Court's decision on bad faith. Therefore, with respect to Plaintiff's claim for bad faith, this Court's summary judgment decision should stand and Plaintiff's Rule 59(e) motion should be overruled.

### E.   CONCLUSION

This Court's summary judgment decision is not erroneous. This Court should uphold its summary judgment decision in its entirety, and overrule Plaintiff's Rule 59(e) motion.

Plaintiff's Rule 59(e) motion has failed to prove that this Court made an erroneous decision with respect to Coverage A (Dwelling Coverage) and Coverage B (Personal Property Coverage). Plaintiff is not entitled to dwelling coverage, because mold is an excluded loss, condensation is not an accidental direct physical loss, and the condensation was from an excluded peril. Plaintiff is not entitled to personal property coverage, because condensation is not a specified peril and the condensation was not a sudden discharge from the heating system. Accordingly, this Court's summary judgment decision in favor of State Farm on Coverage A (Dwelling Coverage) and Coverage B (Personal Property Coverage) should stand.

Plaintiff's Rule 59(e) motion does not address Plaintiff's claim for Coverage M (Medical Coverage) or Plaintiff's claim for bad faith. Accordingly, this Court's summary judgment decision in favor of State Farm on Coverage M (Medical Coverage) and bad faith should stand.

For all the reasons stated above State Farm respectfully requests that this Court deny Plaintiff's Rule 59(e) motion.

FREUND, FREEZE & ARNOLD
A Legal Professional Association

        Respectfully submitted,

        s/Gordon D. Arnold
        Gordon D. Arnold, Trial Counsel (0012195)
        John G. Witherspoon (0012151)
        FREUND, FREEZE & ARNOLD
        One Dayton Centre, Suite 1800
        1 South Main Street
        Dayton, OH  45402-2017
        (937) 222-2424
        (937) 222-5369 Fax
        Attorney for Defendant
        State Farm Fire & Casualty Company

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing has been served upon Robert F. Croskery, ROBERT F. CROSKERY & ASSOCIATES, 7370 Kingsgate Way, Suite H, West Chester, Ohio 45069, Attorneys for Plaintiff, Susan Majors, by ordinary mail on September 29, 2003.

        s/Gordon D. Arnold
        Gordon D. Arnold