IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Susan Majors | : | |
| | : | Case No. C-1-02-64 |
|        Plaintiff | : | |
| | : | District Judge Susan J. Dlott |
| v. | : | |
| | : | ORDER |
| State Farm Fire & Casualty Co. | : | |
| | : | |
|        Defendant | : | |

This matter comes before the Court on Plaintiff Susan Majors' Motion to Amend Court's Judgment Denying Her Motion for Partial Summary Judgment and Granting Defendant's Motion for Summary Judgment to Reverse Outcome Under Rule 59 F. Rule Civ. Pro. ("Motion to Amend Judgment") (doc. #44). For the reasons set forth below, the Court **DENIES** the Motion to Amend Judgment.

I.    **ANALYSIS**

On August 29, 2003, this Court granted judgment to State Farm on all claims stated in Majors' Complaint. (Doc. # 42). The Court held that State Farm did not provide coverage to Majors under her homeowners' policy for damage caused by mold that arose as a result of condensation in her home. Plaintiff urges the Court to alter or amend its judgment pursuant to Federal Rule of Civil Procedure 59(e). "Pursuant to Rule 59(e), there are three grounds for amending a judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at the time of trial; and (3) to correct a clear error of law or to prevent manifest injustice." Berridge v. Heiser, 993 F. Supp. 1136, 1146-47 (S.D. Ohio

1997); see also Gencorp, Inc. v. American Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999) (same).

In moving to amend the judgment against her, Majors does not contend that there has been an intervening change in the law or that she has discovered new evidence. She admits that her motion is, in essence, for reconsideration seeking an "early correction of what she believes to be an erroneous ruling." (Doc. #44 at 1, n.1.) Majors contends that the Court, in granting judgment to State Farm, misconstrued the testimony of Steven Bostwick and Devon Prinz, failed to credit the testimony of Doug Koliboski, and misinterpreted the relevant insurance policy language. She asserts that condensation is a covered event under Coverage A of the State Farm policy insuring her home and that mold resulting therefrom is covered regardless of the exclusion of mold as a specified peril in the policy.

Majors' arguments are not new and do not point to a dispositive clear error of law made by the Court. Rather, Majors is re-stating arguments she made in her memoranda supporting and opposing the competing motions for summary judgment.[1] A motion to amend the judgment is not the correct procedural vehicle for her arguments. "Motions for reconsideration do not allow the losing party to repeat arguments previously considered and rejected . . . ." Owner-Operator Ind. Drivers Ass'n, Inc. v. Arctic Express, Inc., 288 F. Supp. 2d 895, 900 (S.D.Ohio 2003); see also Johnson v. Henderson, 229 F. Supp. 2d 793, 796 (N.D. Ohio 2002) (stating that a Rule 59(e) motion is "not designed to give an unhappy litigant an opportunity to relitigate matters already decided, nor is it a substitute for appeal").

---

[1] Additionally, the parties addressed the relevance and admissibility of Doug Koliboski's testimony in a separate set of briefs arising from State Farm's Motion to Strike Koliboski's affidavit. (Docs. ## 39-41).

In any event, the Court did not make a clear error of law on the merits that would justify the extraordinary remedy of amending the judgment pursuant to Rule 59(e).  See 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1 (2d ed. 1995) (calling Rule 59(e) "an extraordinary remedy which should be used sparingly").  Under the terms of the State Farm policy at issue, the condensation in Majors' home that resulted in the mold was not a specified peril under Coverage B because it was not the result of a "sudden" discharge of water, and moreover, the condensation did not provide an independent basis for coverage under Coverage A.  State Farm is entitled to judgment in its favor.

## II.    CONCLUSION

For the reasons set forth above, the Court **DENIES** the Motion to Amend Judgment (doc. #44).

IT IS SO ORDERED.

       ___s/Susan J. Dlott_____
       Susan J. Dlott
       United States District Judge